# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE LEE LUCKETT, JR., | : |
| Petitioner | : Civil No. 1:09-CV-00378 |
| | : |
| v. | : (Judge Rambo) |
| | : |
| LOUIS FOLINO, | : (Magistrate Judge Carlson) |
| Respondent | : |

## MEMORANDUM

In his initial answer to Petitioner's petition for a writ of habeas corpus, Respondent asserted that this Court lacks jurisdiction to consider the petition. (Doc. No. 10, at 1-12.) For the reasons set forth below, the Court rejects Respondent's argument and will accordingly direct that Respondent file a more particularized answer to the petition.

## I.    BACKGROUND

On March 2, 2009, Eddie Lee Luckett, Jr. ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1998 convictions for first-degree murder and other state-law offenses. It appears that as a result of these convictions, Petitioner was sentenced to a term of life imprisonment, plus 30 years, to be served consecutively. Petitioner makes numerous general allegations in support of his claim for habeas relief, most of which appear to relate to his contention that his trial and appellate counsel were ineffective.

The Court issued Petitioner the notice required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and Petitioner promptly returned the election form indicating his intention to proceed with his petition as filed under 28 U.S.C. § 2254. Thereafter, the Court ordered that service be made upon both the Office of Attorney General of Pennsylvania and the Lackawanna County

District Attorney ("Respondent"), and further directed Respondent to answer the petition and to supply the Court with copies of transcripts, briefs, opinions, and other documents from the underlying state court proceedings relating to Petitioner's conviction and sentence. (Doc. No. 6.)

On April 14, 2009, Respondent filed an answer to the petition. (Doc. No. 10.) In the answer, Respondent argues that the petition must be dismissed for lack of jurisdiction because it constitutes a second or successive petition filed in violation of 28 U.S.C. § 2244(b) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In light of this argument, Respondent declined to provide the Court with copies of the underlying court records, documents, briefs, and other filings listed in the Court's order, and instead moved for permission to be relieved of this obligation pending the Court's adjudication of Respondent's jurisdiction argument. The Court granted this motion. (Doc. No. 14.) The Court has now considered Respondent's arguments regarding jurisdiction and finds them to be legally incorrect.

## II.    DISCUSSION

The Court is cognizant of its obligation to determine whether Petitioner's habeas petition constitutes a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b), because this statute implicates the Court's jurisdiction to consider the petition. Benchoff v. Colleran, 404 F.3d 812, 815 (3d Cir. 2005). As Respondent notes, § 2244(b)(3)(A) establishes a gatekeeping mechanism that obligates a prospective petitioner to "file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." Id. at 816 (citing Felker v. Turpin, 518 U.S. 651, 657 (1996)). However, § 2244's procedural requirement that a petitioner first seek leave with the court of appeals is triggered only if the petition is, in fact, "second or successive" within the meaning of the statute. Benchoff, 404 F.3d at 816.

2

In Benchoff, the Third Circuit instructed that so-called "abuse of the writ" principles that pre-dated the AEDPA retain their vitality and should be consulted when determining whether a habeas petition is "second or successive" under 28 U.S.C. § 2244(b) so as to require the petitioner to obtain leave from the appropriate court of appeals before filing the petition. Id. at 817. Although the abuse of the writ doctrine is a "complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions," Felker, 518 U.S. at 664, these principles generally provide that a petition will be considered an abuse of the writ "where the subsequent petition raised a habeas claim which could have been raised in an earlier petition and there was no legitimate excuse for failure to do so." Benchoff, 404 F.3d at 816 (citing McCleskey v. Zant, 499 U.S. 467, 493-95 (1991)).[1]

Respondent generally argues that Luckett's current habeas petition should be deemed "second or successive" for several related reasons. First, Respondent notes that the instant Petition is actually the fifth habeas petition that Luckett has filed since 1993.[2] Respondent

---

[1] In cases where a petitioner has filed a second or successive petition, the Respondent bears the burden of proving abuse of the writ. Goldblum v. Klem, 510 F.3d 204, 215 (3d Cir. 2007) (citing McCleskey v. Zant, 499 U.S. 467, 494-95 (1991)). A respondent discharges this obligation if, with clarity and particularity, it notes the petitioner's prior writ history, identifies claims that appear for the first time, and alleges that the petitioner has abused the writ. Id. The burden to disprove it then shifts to the petitioner, who must show cause for failing to raise the claims in the earlier petition and demonstrate prejudice resulting therefrom. Id.

[2] Respondent suggests that Luckett's habeas petitions filed in 1993 and 1994 "seem unlikely to bear on" Respondent's contention that Luckett's instant petition is a second or successive petition under AEDPA. (Doc. No. 10, at 3.) Contrary to Respondent's suggestion, the Third Circuit has instructed that pre-AEDPA habeas petitions are to be considered for purposes of determining whether a post-AEDPA petition constitutes an improperly filed second or successive petition. See In re Minarik, 166 F.3d 591, 609 (3d Cir. 1999) ("We hold that anyone seeking to file a second or successive petition under 18 [sic] U.S.C. § 2254 after April 24, 1996, must move in the appropriate Court of Appeals for an order authorizing the District Court to consider the application."). However, the Court agrees that these earlier petitions do not "bear

3

contends that because Petitioner did not include his current claims challenging his 1998 conviction and sentence as part of his third habeas petition (M.D. Pa., No. 3:01-CV-1794), these claims should now be barred in accordance with the "abuse of the writ" doctrine because these claims conceivably could have been brought in the third petition that challenged Luckett's conviction and sentence from a separate criminal proceeding.[3]  In support of this contention, Respondent relies chiefly upon a 1968 case from the United States District Court for the District of West Virginia and upon its own interpretation of the AEDPA's statutory requirements.[4] Lastly, Respondent emphasizes that in a prior order from this Court disposing of Luckett's third petition that challenged his 1993 drug conviction, Judge Munley seemed to indicate that Petitioner had consciously waived the right to assert any claims relating to his murder conviction as part of the third petition.  All of Respondent's arguments can reasonably be reduced to a single contention, namely that Petitioner should be precluded from filing a new habeas petition challenging the 1998 conviction and sentence because he did not include those claims as part of

---

upon" the current petition because Luckett's instant petition relates to a criminal conviction that occurred in 1998 and therefore obviously could not have been included with the earlier petitions.

[3]  Luckett also filed a fourth petition (M.D. Pa., No. 1:05-CV-1592) seeking relief under 28 U.S.C. § 2254, but this petition was subsequently dismissed without prejudice after it was determined that the petition contained unexhausted claims.  Respondent does not argue that the fourth petition causes the instant petition to be deemed second or successive under the AEDPA.  Moreover, it is also significant that the District Court in Civil No. 1:05-CV-1592 -- which was presented with a case in an identical procedural posture to this case - - did not construe Luckett's petition as a "second or successive" petition.

[4]  This decision, Holland v. Coiner, 293 F. Supp. 203 (N.D. W. Va. 1968), is factually distinguishable from the instant case and, moreover, concerned a petitioner who had filed 14 state collateral challenges, 35 petitions for writs of habeas corpus with the West Virginia Supreme Court, and 15 petitions for writs of habeas corpus with the United States District Court for the Northern District of West Virginia.  Id. at 205.  The petitioner had received federal habeas relief on two of these occasions before being found to have abused the writ in his last petition.

his third petition that challenged a separate and independent 1993 conviction and sentence for drug crimes.

Though the Court appreciates Respondent's arguments regarding "abuse of the writ" precepts, they are inapplicable to the claims raised in the instant petition, which constitute independent challenges to a distinct and separate conviction and sentence imposed for crimes entirely unrelated to those challenged in Luckett's third petition.

Though the Court has not identified any cases from the Third Circuit addressing the precise situation presented here, the United States Court of Appeals for the Seventh Circuit has issued an opinion holding that subsequent § 2254 petitions should not be found to be "second or successive" under the AEDPA when they concern separate convictions for distinct offenses, even where the convictions occurred in the same state court, as is the case with Luckett. The Court's opinion, authored by Judge Easterbrook, explains:

> Under Rule 2(d) of the *Rules Governing Section 2254 2254 Cases in the United States District Courts*, prisoners *must* file separately to challenge judgments of different courts. Although Rule 2(d) leaves open the possibility of one collateral attack on multiple judgments of the same court, these should be rare. Time factors will differ, exhaustion of state remedies may occur at different times (which will preclude joinder), and so on. Often a prisoner will be required to challenge one sentence (lest the time run) before another is ripe for collateral attack. When multiple convictions are amenable to simultaneous challenge . . . joinder might help a federal court determine whether a particular claim or theory is moot, for if the sentences are concurrent then an order rejecting a collateral attack on the longer sentence obviates anything else. Yet Beyer's sentences are consecutive. Anyway, mootness depends on the outcome of a collateral attack . . . so there is rarely any compelling need for consolidation in the district court even if the sentences overlap.
>
> Beyer is serving separate, and consecutive, sentences imposed by different state judges at different times for different criminal offenses. One is for drug crimes and the other (the one now under challenge) for receiving stolen property. . . . [A] prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack. Beyer

> has yet to receive that opportunity with respect to his conviction and
> sentence for receiving stolen property. The district court's judgment
> is vacated, and the case is remanded with instructions to entertain
> Beyer's collateral attack on the merits.

Beyer v. Litscher, 306 F.3d 504, 508 (7th Cir. 2002) (internal quotation marks and citation omitted) (original emphasis).[5] The factual situation presented in Beyer is on all fours with the instant action, and the Court finds the Seventh Circuit's reasoning persuasive and wholly applicable to Luckett's new claims for relief from his 1998 conviction and sentence. As a result, the Court finds that the new claims do not amount to an abuse of the writ and are not barred under 28 U.S.C. § 2244(b) as a second or successive petition. Upon consideration, the Court also rejects Respondent's argument that Luckett consciously waived his right to pursue his current claims in the course of prosecuting his earlier petition, particularly as the Court concludes that Luckett was not required to bring these claims in the earlier action.

For all of the foregoing reasons, the Court rejects Respondent's argument that the Court lacks jurisdiction to consider Luckett's claims for relief, without prejudice to the Respondent renewing this argument in a comprehensive response to this petition, and Respondent will be directed to submit a particularized response to the petition. An order consistent with this memorandum follows.

S/MARTIN C. CARLSON
Martin C. Carlson
United States Magistrate Judge

---

[5] Though Judge Easterbook refers to Rule 2(d), the rule requiring petitioner so file separate petitions seeking relief from judgments of more than one state court has subsequently been set forth as Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts.