IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDDIE LEE LUCKETT, JR.** : | CIVIL NO. 1:09-CV-00378 |
| Petitioner : | |
| : | (Judge Rambo) |
| v. : | (Magistrate Judge Carlson) |
| **LOUIS FOLINO,** : | |
| Respondent : | |

## **M E M O R A N D U M**

Before the court is a Report and Recommendation of Magistrate Judge Carlson in which he recommends that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be denied because Petitioner's claims are meritless, have been procedurally defaulted, or have been waived. (Doc. 48.) On September 2, 2010, Petitioner filed objections to the Report and Recommendation. The matter is ripe for disposition.

Petitioner raises eleven objections. These objections variously challenge that Magistrate Judge Carlson failed to independently ascertain whether there were adequate state procedural grounds, failed to consider how certain evidence raised the question of Petitioner's actual innocence, and, therefore excused his procedural default, and finally, that Magistrate Judge Carlson failed to grant him a hearing to fully consider the evidence and refused to grant him the right to conduct discovery. The gist of Plaintiff's objections is that Magistrate Judge Carlson was too deferential to the state courts' decisions, and that he gave paid only cursory attention to Petitioner's allegations.

The court finds no merit in any of Petitioner's objections. Each of these objections seeks to re-litigate issues already considered and rejected by Magistrate Judge Carlson. Magistrate Judge Carlson's opinion thoroughly addressed each of the

issues raised by Petitioner. Although Petitioner couches his arguments in terms of his "actual innocence," he is not entitled to have his case remanded for further consideration.

In order to make a showing of "actual innocence" a petitioner must satisfy a two-part test in order to obtain review of otherwise procedurally barred claims. First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial. *Schlup v. Delo,* 513 U.S. 298, 327-328 (1995). Second, the petitioner must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327; *see also Hubbard v. Pinchak*, 378 F.3d 333, 340 (3d Cir. 2004) (implicitly requiring that in order to constitute "new evidence," the evidence must not merely be evidence that was not presented at the time of trial but the evidence must have not been available at time of trial.). None of the issues raised by Petitioner come close to meeting this standard.

Petitioner's objections present no meritorious issues and present no reason for the court to disagree with the Report and Recommendation. Accordingly, the Report and Recommendation of Magistrate Judge Carlson will be adopted.

Also pending is a motion by Respondent to dismiss Petitioner's petition with prejudice because the petition contained an untruthful statement concerning the pendency of a PCRA petition in state court. (*See* Doc. 46.) Petitioner filed a motion for leave to delete the offending paragraph, which he alleges was inadvertently copied from a prior petition. (*See* Doc. 49.) These motions are moot given that the court will adopt the Report and Recommendation denying Petitioner's petition for writ of habeas corpus.

An appropriate order will be issued.

                                                     s/Sylvia H. Rambo
                                                United States District Judge

Dated: September 23, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**EDDIE LEE LUCKETT, JR.,** : **CIVIL NO. 1:09-CV-00378**
:
Petitioner : **(Judge Rambo)**
:
v. : **(Magistrate Judge Carlson)**
:
**LOUIS FOLINO,** :
:
Respondent :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the Report and Recommendation of Magistrate Judge Carlson, (Doc. 48);

2) The petition for writ of habeas corpus, (Doc. 1.), is **DENIED**;

3) Respondent's Motion to Dismiss with Prejudice for Rule 11 Violations, (Doc. 46), is **DENIED AS MOOT;**

4) Petitioner's Motion for Leave to Delete Claim of Unexhaustion Contained in ¶ 15 of Habeas Corpus Petition, (Doc. 49), is **DENIED AS MOOT;**

5) The court declines to issue a certificate of appealability; and

6) The Clerk of Court shall close the file.

                                                                          s/Sylvia H. Rambo
                                                               United States District Judge

Dated: September 23, 2010.